IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COAST TO COAST INVESTMENTS LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>SERGIO L. LUNA; JENNIFER GARCIA; and PEDRO GARCIA<br><br>  Defendants. | Case No. 13-04602 JSC<br><br>**ORDER REASSIGNING CASE; REPORT AND RECOMMENDATION THAT THE CASE BE REMANDED** |

Plaintiff brought this state law unlawful detainer action against Defendant Sergio L. Luna and Does 1-25 in the Superior Court of California for the County of Contra Costa seeking to evict Defendants from real property located in Brentwood, California. Defendants Jennifer Garcia and Pedro Garcia, renters of the property at issue, and representing themselves, subsequently purported to remove the action to this Court on the basis of federal question jurisdiction. Given the Court's concern with respect to subject matter jurisdiction, the Court ordered Defendants to show cause as to why this case should not be remanded to Superior Court of California for the County of Contra Costa. (Dkt. No. 5.) Defendants failed to respond to the Court's Order.

**DISCUSSION**

As the parties have neither consented to nor declined the undersigned magistrate judge's jurisdiction, the Clerk of the Court is ordered to reassign this action to a district court

judge. For the reasons explained below, this Court recommends that the newly assigned district judge REMAND this action to the Superior Court of California for the County of Contra Costa.

Defendants, as the parties seeking removal to this federal court, bear the burden of establishing that subject matter jurisdiction exists, and courts strictly construe the removal statute against removal jurisdiction. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566-67 (9th Cir. 1992). Further, when a case is removed to federal court, the court has an independent obligation to satisfy itself that it has federal subject matter jurisdiction. *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1116 (9th Cir. 2004).

The Court has reviewed the Notice of Removal and has determined that federal question jurisdiction does not exist. "Federal question jurisdiction exists only when a federal question exists on the face of a well-pleaded complaint." *ING Bank, FSB v. Pineda*, No. 12-2418, 2012 WL 2077311, at *1 (N.D. Cal. June 8, 2012). The removed complaint makes only a state law claim for unlawful detainer. (Dkt. No. 1-1, p. 10.) That Defendants' answer raises federal questions is irrelevant; a defendant cannot create federal subject matter jurisdiction by adding claims or raising defenses. *Holmes Group, Inc. v. Vornado Air Circulation*, 535 U.S. 826, 830-31 (2002); *Federal Nat. Mortg. Ass'n v. Sue Lin Poh*, No. 12-2707, 2012 WL 3727266, at *2 (N.D. Cal. Aug. 28, 2012) (remanding removed unlawful detainer action). Defendants therefore cannot demonstrate that federal question jurisdiction exists.[1]

**CONCLUSION**

Based on the foregoing, this Court RECOMMENDS that the newly assigned district court judge REMAND this action to the Superior Court of California for the County of Contra Costa.

---

[1] Further, even were Defendants' contentions as to federal question jurisdiction maintainable, Defendants appear to be citizens of California as the underlying complaint alleges that they are in possession of property in California. The removal therefore contravenes the provision of 28 U.S.C. § 1441(b) that precludes removal where any defendant is a citizen of the state in which the action was brought (the "no local defendant rule").

Any party may file objections to this report and recommendation with the district court judge within fourteen days after being served with a copy. *See* 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b); Civil L.R. 72-3.  Failure to file objections within the specified time may waive the right to appeal the district court's ultimate Order.

**IT IS SO ORDERED.**

Dated:  October 29, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE